ELECTRONICALLY FILED
1/22/2013 10:58 AM
CV-2013-900069.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| WAYNE PALMER, | } |
| | } |
| PLAINTIFF, | } |
| | } |
| VS. | }   CIVIL ACTION NO.: CV-2013-_____ |
| | } |
| TRANS UNION, LLC, and FICTITIOUS | } |
| DEFENDANTS A, B, C and D, | } |
| | } |
| DEFENDANTS. | } |

## COMPLAINT

COMES NOW the Plaintiff, Wayne Palmer, and for his first complaint against the Defendants alleges as follows:

### Parties and Jurisdictional Allegations

1.    Plaintiff Wayne Palmer is an adult resident citizen of Dothan, Houston County, Alabama.

2.    Defendant Trans Union, LLC ("Trans Union"), is a Delaware limited liability company that regularly conducts credit reporting business in Houston County, Alabama, and which has its principal place of business located at 555 West Adams Street, Chicago, Illinois, 60661.

3.    Fictitious Defendants A, B, C and D are those persons or entities, whether singular or plural, whose identities are presently unknown, but whose actions caused or contributed to cause the injuries and damages suffered by the Plaintiff.

### Factual Allegations

4.    The Plaintiff, Wayne Palmer, is a prominent local businessman who has resided at ███████████ in Dothan for the last several years.

5.     The Plaintiff is a private person who does not share his financial information with others.

6.     In or about November of 2012, a gentleman named Jerome Baxley, another local businessman, requested his own credit report from Defendant Trans Union. Mr. Baxley resides in a different town (Columbia, Alabama), has a different social security number and a different date of birth than the Plaintiff.

7.     On or about November 26, 2012, Trans Union generated a credit report purportedly for Mr. Jerome Baxley and mailed it to him at his home in Columbia.

8.     When Mr. Baxley received and opened the report, he discovered that it mostly included personal and private credit information on the Plaintiff. It identified Plaintiff's name, social security number, date of birth and address.

9.     The report also included sections titled, "Names reported", "address reported", and "telephone numbers reported" which listed both Plaintiff and Jerome Baxley, both of their addresses, and both of their telephone numbers.

10.    The Trans Union report then detailed for Jerome Baxley each and every personal consumer account belonging to the Plaintiff, the balances owed, payment history, the monthly payment amounts and a description of the credit accounts. There were 31 accounts in all ranging from credit cards to home equity loans and mortgages.

11.    Mr. Baxley quickly realized that the credit information was not his but rather that of the Plaintiff. Mr. Baxley then contacted Trans Union and advised it that the credit information provided was that of someone else and that it needed to correct the report.

12.    Thereafter, on or about December 3, 2012, Trans Union issued a second credit report and mailed it to Jerome Baxley. Like the earlier report, the new one contained

Plaintiff's social security number, date of birth, addresses, and the same 31 credit accounts that had been previously disclosed.

13.    As a result of Trans Union's disclosure of Plaintiff's personal and private credit information to a third party, Plaintiff was embarrassed, humiliated, angered, mentally anguished, lost sleep and was made to suffer other injuries and damages.

### Count One
### (Invasion of Privacy)

14.    Plaintiff realleges paragraphs 1 through 13 above as if specifically set out herein.

15.    The Defendant Trans Union and Fictitious Defendants A, B, C and D, willfully invaded Plaintiff's privacy by knowingly disclosing to an unauthorized third party, on more than one occasion, personal, private financial information that it obtained from a credit investigation or examination of Plaintiff that he never requested.

16.    As a result of the invasion of privacy and unauthorized disclosure by Defendants, Plaintiff suffered embarrassment, anger, humiliation, sleeplessness, emotional distress, and other injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages, including mental anguish, and punitive damages, as a jury deems reasonable and may award, plus costs.

### Count Two
### (Negligence/Wantonness/Willfulness)

17.    Plaintiff realleges paragraphs 1 through 16 above as if specifically set out herein.

18.     The Defendants, including Fictitious Defendants A, B, C and D, negligently, wantonly and/or willfully failed on multiple occasions to insure that Plaintiff's personal financial information wasn't disclosed to an unauthorized third-party, to have in place and/or follow reasonable procedures for insuring the accuracy of the information collected and disclosed or correct the credit report sent to Jerome Baxley after he made them aware of the error.

19.     As a proximate result of Defendants' negligence, wantonness or willfulness, Plaintiff suffered embarrassment, humiliation, anger, emotional distress and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in such an amount of compensatory damages, including mental anguish and punitive damages, that a jury deems reasonable and may award, plus costs.

### Count Three
### (Violation of the Fair Credit Reporting Act)

20.     Plaintiff realleges paragraphs 1 through 19 above as if specifically set out herein.

21.     At all times pertinent hereto, Trans Union was "a person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681(a)(b) and (f).

22.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

23.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681(a)(d).

24.     Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to the Act, including 15 U.S.C. § 1681(d), 1681(c), and 1681(e).

25.     The conduct of Trans Union and Fictitious Defendants A, B, C and D were a direct and proximate cause of bringing about the Plaintiff's injuries, damages and harm outlined above. As a result, Trans Union is liable to Plaintiff for the full amount of statutory, compensatory, and punitive damages, along with attorney's fees and the cost of this litigation, as well as such other relief to which it may be entitled.

Respectfully submitted on this 22nd day of January, 2013.

/s/ WILLIAM L. LEE, III
William L. Lee, III (LEE007)
Attorney for Plaintiff
238 West Main Street (36301)
P.O. Box 1665
Dothan, AL 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342
Email: wlee3@lln-law.com

**PLEASE SERVE DEFENDANTS
AS FOLLOWS VIA CERTIFIED
MAIL:**

Trans Union, LLC
555 W. Adams St.
Chicago, IL 60661-3179

Trans Union, LLC
c/o Prentice-Hall Corporation
System, Inc.

Its Registered Agent for Service
150 S. Perry St.
Montgomery, AL  36104-4227


Please take notice that Plaintiff demands trial by jury of all of the issues in this cause.

/s/ WILLIAM L. LEE, III
William L. Lee, III (LEE007)
Attorney for Plaintiff
238 West Main Street (36301)
P.O. Box 1665
Dothan, AL  36302
Telephone (334) 792-4156
Facsimile (334) 794-8342
Email: wlee3@llln-law.com